NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RAYMOND RUDOLPH HATCHELL, *Appellant*.

No. 1 CA-CR 16-0898
FILED 11-28-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201501060
The Honorable Billy K. Sipe, Judge

**AFFIRMED**

COUNSEL

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1      This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Randall Rudolph Hatchell's ("Hatchell") convictions for possession of dangerous drugs, a Class 4 felony, and possession of drug paraphernalia, a Class 6 felony. Hatchell's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *State v. Clark*, 196 Ariz. 530 (App. 1999). Hatchell was given the opportunity to file a supplemental brief *in propria persona* but did not do so. Counsel now asks this Court to search the record for fundamental error. After reviewing the entire record, we affirm Hatchell's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY[1]**

¶2      On August 11th, 2015, Hatchell was involved in a single-car accident. His injuries were treated at the Kingman Regional Medical Center. Soon after arriving at the medical center, he was transferred to the progressive care unit. A nurse collected Hatchell's belongings, including a black bag, to perform an inventory pursuant to hospital procedure. The nurse discovered suspicious items in Hatchell's bag and contacted security. Security contacted the police, and officers confiscated the suspicious items, which were later identified as methamphetamine, a scale, and a bong.

¶3      Hatchell was charged by indictment with possession of dangerous drugs (methamphetamine), and possession of drug paraphernalia. Hatchell proceeded to trial and was found guilty. Based on his lack of criminal history, Hatchell was sentenced to three years' probation. Hatchell timely appealed his conviction. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona

---

[1]      We view the facts in the light most favorable to upholding the jury's verdict and resolve all inferences against Hatchell. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031 and 13–4033(A)(1).

## DISCUSSION

**¶4**        The record reflects no fundamental error in pretrial proceedings.  Hatchell rejected the State's plea offer, and the superior court's minute entry indicates there was discussion involving the plea agreement on multiple occasions.  *See State v. Donald*, 198 Ariz. 406 (App. 2000).

**¶5**        The record also reflects Hatchell received a fair trial.  He was represented by counsel at all stages of the proceeding against him and was present at all critical stages.  The jury was properly comprised of eight members with one alternate.

**¶6**        The State presented direct and circumstantial evidence sufficient for a reasonable jury to convict.  The superior court properly denied Hatchell's Motion for Directed Verdict.  The superior court properly instructed the jury on the elements of the charges.  The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were also properly administered. The jury returned a unanimous verdict.

**¶7**        The superior court received a presentence report, accounted for mitigating factors, and properly sentenced Hatchell to a term of three years' supervised probation.

## CONCLUSION

**¶8**        We reviewed the entire record for reversible error and find none; therefore, we affirm the conviction and resulting sentence.

**¶9**       After the filing of this decision, defense counsel's obligation pertaining to Hatchell's representation in this appeal will end.  Defense counsel need do no more than inform Hatchell of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the Court's own motion, Hatchell has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Further, Hatchell has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA